USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/20/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA           :     SEALED
                                   :     INDICTMENT
         - v. -                    :
                                         17 CRIM 172
EARL SIMMONS,                      :
    a/k/a "DMX,"                   :
    a/k/a "X,"                     :
                                         ORIGINAL
         Defendant.                :
                                   :
- - - - - - - - - - - - - - - - - - - - x

### COUNT ONE
(Corruptly Endeavoring to Obstruct and Impede the Due
Administration of the Internal Revenue Laws)

The Grand Jury charges:

### Background

1. At all times relevant to this Indictment, EARL SIMMONS, a/k/a "DMX," a/k/a "X," the defendant, worked as a recording artist, performer, and actor. SIMMONS was known professionally as "DMX," or "X."

2. Beginning in or about 1997, EARL SIMMONS, a/k/a "DMX," a/k/a "X," the defendant, released a series of hip hop albums, including, "It's Dark and Hell Is Hot," "Flesh of My Flesh, Blood of My Blood," ". . . And Then There Was X," "The Great Depression," and "Grand Champ." SIMMONS sold millions of records, and many of his albums went platinum and occupied the top position on musical charts.

3.      During his career, EARL SIMMONS, a/k/a "DMX," a/k/a "X," the defendant, has performed at musical performance venues in the United States and around the world.  At the height of his popularity, SIMMONS performed at arenas with capacity for 20,000 people.

4.      During his career, EARL SIMMONS, a/k/a "DMX," a/k/a "X," the defendant, also acted in motion pictures, including "Belly," "Romeo Must Die," and "Exit Wounds."

5.      As a result of the income he earned largely from various sources, including musical recordings and performances, in the years 2002 through 2005, EARL SIMMONS, a/k/a "DMX," a/k/a "X," the defendant, incurred federal income tax liabilities. The Internal Revenue Service ("IRS") examined SIMMONS' tax liabilities for these years, and in or about September 2008, assessed the following approximate amounts of tax liability for the following years, including interest and penalties (the "Unpaid Tax Liabilities"):

| Year | Assessed Tax Liability |
|------|------------------------|
| 2002 | $647,813.62 |
| 2003 | $419,972.04 |
| 2004 | $442,868.62 |
| 2005 | $268,896.84 |

6. In or about 2005, the Internal Revenue Service began efforts to collect the Unpaid Tax Liabilities that had been incurred by EARL SIMMONS, a/k/a "DMX," a/k/a "X," the defendant, including by issuing letters to SIMMONS, requesting records and documents from SIMMONS, and placing liens on property owned by SIMMONS.

7. Up until at least the time of the filing of this Indictment, the Unpaid Tax Liabilities -- which total approximately $1.7 million, including interest and penalties -- have remained unpaid.

8. During the period from 2010 through 2015, EARL SIMMONS, a/k/a "DMX," a/k/a "X," the defendant, received income of at least $2.3 million. SIMMONS received that income from, among other sources, royalties for his musical recordings, fees for performances at concerts in the United States and around the world, and fees for appearances on television programs and in motion pictures.

### SIMMONS' Corrupt Efforts to Impede the IRS and Avoid Paying Assessed Taxes

9. During that same period, 2010 through 2015, in which EARL SIMMONS, a/k/a "DMX," a/k/a "X," the defendant, received income of at least $2.3 million, SIMMONS failed to file personal income tax returns. In addition, SIMMONS orchestrated a scheme

to evade payment of the Unpaid Tax Liabilities he incurred, largely by maintaining a cash lifestyle, avoiding the use of a personal bank account, and using the bank accounts of nominees, including his business managers, to pay personal expenses. SIMMONS avoided declaring the income he received and paying his outstanding Unpaid Tax Liabilities in the following ways, among others:

    a. SIMMONS received hundreds of thousands of dollars of royalty income, as a result of royalties paid for his musical recordings. SIMMONS caused that income to be deposited into the bank accounts of SIMMONS' managers, who then disbursed it to SIMMONS in cash, or used it to pay SIMMONS' personal expenses.

    b. When SIMMONS received a performance fee for a concert performance, as is customary in the industry, half of the fee was paid prior to the performance, and typically was deposited into the bank account of one of SIMMONS' managers. After withholding their commissions, the managers generally distributed the remainder to SIMMONS in the form of cash, at SIMMONS' request. The remaining half of the fee was typically received by SIMMONS in cash at each venue on the date of performance.

    c. SIMMONS participated in the "Celebrity Couples Therapy" television show in or about 2011 and 2012, and was paid a $125,000 fee for his participation. When taxes were withheld

from the check for the first installment of that fee by the producer, SIMMONS refused to tape the remainder of the television show until the check was reissued without withholding taxes. No taxes were withheld on the remaining payments.

10. At various times in the period from 2010 through 2015, business associates of EARL SIMMONS, a/k/a "DMX," a/k/a "X," the defendant, attempted to assist him in complying with his tax obligations, but SIMMONS declined the offers of assistance.

11. EARL SIMMONS, a/k/a "DMX," a/k/a "X," the defendant, took additional steps to conceal the true and correct amount of his income from the IRS and others. For example, in connection with a personal bankruptcy filing made by him in the United States Bankruptcy Court for the Southern District of New York, SIMMONS filed an affidavit that falsely listed his gross income as "unknown" for the 2011 and 2012 years, and as $10,000 for the 2013 year. In truth and in fact, for those years, SIMMONS received gross income of approximately $353,000 (2012), $542,000 (2012), and $250,000 (2013).

## Statutory Allegations

12. From in or about 2010 and continuing through the date of the filing of this Indictment, in the Southern District of New York and elsewhere, EARL SIMMONS, a/k/a "DMX," a/k/a "X," the defendant, did corruptly obstruct and impede, and endeavor to obstruct and impede, as set forth above in paragraphs 1 through 11, the due administration of the Internal Revenue Laws.

(Title 26, United States Code, Section 7212(a).)

## COUNT TWO
### (Evasion of Payment of Income Taxes)

The Grand Jury further charges:

13. The allegations in paragraphs 1 through 11 of this Indictment are repeated and realleged as though fully set forth herein.

14. From in or about 2010 and continuing up to and including the date of this Indictment, in the Southern District of New York and elsewhere, EARL SIMMONS, a/k/a "DMX," a/k/a "X," the defendant, knowingly and willfully did attempt to evade and defeat the payment of a substantial part of the income tax due and owing by SIMMONS to the United States of America for the calendar years 2002 through 2005, by various means, including, among others, those set forth above in paragraphs 1 through 11.

(Title 26, United States Code, Section 7201.)

## COUNTS THREE THROUGH EIGHT
(Evasion of Assessment of Income Tax Liability)

The Grand Jury further charges:

15. The allegations in paragraphs 1 through 11 of this Indictment are repeated and realleged as though fully set forth herein.

16. From on or about January 1 of each of the calendar years set forth below, through on or about the federal tax filing dates for each said calendar year, in the Southern District of New York and elsewhere, EARL SIMMONS, a/k/a "DMX," a/k/a "X," the defendant, did willfully attempt to evade and defeat a substantial part of the income tax due and owing by SIMMONS to the United States by various means, including by (a) failing to make an income tax return for each said calendar year on or about the date required by law to any proper officer of the IRS, stating specifically the items of his gross income and any deductions and credits to which he was entitled; (b) receiving income and paying expenses extensively in cash; (c) causing his income to be directed to third parties; and (d) causing entities or individuals not to file income reporting documents with the IRS, whereas, as SIMMONS then and there well knew and believed, in each said calendar year he had substantial taxable income, upon which taxable income there was a

substantial amount of tax due and owing to the United States of America.

| Count | Tax Year |
|---|---|
| 3 | 2010 |
| 4 | 2011 |
| 5 | 2012 |
| 6 | 2013 |
| 7 | 2014 |
| 8 | 2015 |

(Title 26, United States Code, Section 7201.)

## COUNTS NINE THROUGH FOURTEEN
(Failure to File a U.S. Individual Income Tax Return)

The Grand Jury further charges:

17. The allegations in paragraphs 1 through 11 of this Indictment are repeated and realleged as though fully set forth herein.

18. On or about the return due dates for the tax years set forth below, in the Southern District of New York and elsewhere, EARL SIMMONS, a/k/a "DMX," a/k/a "X," the defendant, did willfully fail to make an income tax return for the tax years set forth below, to the Internal Revenue Service or to any other proper officer of the United States, stating specifically the

items of his gross income and any deductions and credits to which he was entitled, whereas, as SIMMONS then and there well knew, he had gross income of in excess of $100,000 for each of such years, and, by reason of such income, he was required by law, following the close of said year, to make said income tax return to the Internal Revenue Service or to said proper officer.

| Count | Tax Year |
|-------|----------|
| 9     | 2010     |
| 10    | 2011     |
| 11    | 2012     |
| 12    | 2013     |
| 13    | 2014     |
| 14    | 2015     |

(Title 26, United States Code, Section 7203.)

FOREPERSON

JOON H. KIM
Acting United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

EARL SIMMONS,
a/k/a "DMX,"
a/k/a "X,"

Defendant.

### SEALED INDICTMENT

17 Cr.

(26 U.S.C. §§ 7212(a), 7201, 7203.)

JOON H. KIM
Acting United States Attorney.

A TRUE BILL

Foreperson.

3/20/17  Fld ~~Supers~~ Indictment under seal. A/W issued.

Pitman, USMJ